UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| KEITH WHITE, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-0465-WTL-MJD |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Keith White, an Indiana inmate in the Wabash Valley Correctional Center, challenges a prison disciplinary action, number RDC 15-09-0022, on rehearing, in which he lost 180 days of earned time credits. White was found guilty of attempting to engage in trafficking on August 8, 2015, while at the Pendleton Correctional Facility. Following his first conviction and loss of administrative appeals, he successfully sought habeas relief in this Court in *White v. Brown*, No. 2:16-cv-0021-JMS-MJD, obtaining relief on the ground that prison authorities did not provide him constitutionally adequate notice of the charge against him. Prison authorities conducted a new disciplinary hearing. White was again found guilty, and following the denial of administrative appeals, he commenced this action.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and

"some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Hearing

On September 22, 2015, Indiana Department of Correction (IDOC) Intelligence Analyst Eloiza issued a Report of Conduct charging White with attempting to engage in trafficking in violation of Code A-111/113. The Report of Conduct stated: "This conduct report is based on information gathered and forwarded to the Office of Investigations and Intelligence. See confidential case file 15-COA-0026. Refer any requests to the Office of Investigations and Intelligence for limited access related to this case file." Dkt. 14-1. Because this was the only notice provided to White prior to his first disciplinary hearing, he received habeas corpus relief in the action previously cited because the notice was insufficient.

On rehearing, a new Report of Conduct was issued that provided more detail of the offense. White did not then, and does not now, challenge the sufficiency of the notice. This notice stated:

> This conduct report is based on information gathered and forwarded to the Office of Investigations and intelligence. This is based on information gathered and forwarded to the Office of Investigations and intelligence. This is based on information extracted from unauthorized cellular devices located within an IDOC facility, recorded phone calls, surveillance video, interviews with confidential sources and assistance of outside law enforcement agencies. This confidential case file clearly shows Offender White did assist and attempt to traffic heroin into Pendleton Correctional Facility on at least one occasion on 8/8/2015. Intelligence received indicates Offender White knowingly supplied he[r]oin from Illinois with the intention of having it smuggled into the prison with the assistance of Offender Williams, Elonzo #146944. A confidential informant has provided information in this case resulting in the conclusion that the above-identified offender is guilty. See confidential case file of the above-charged offense 15-COA-0026 for additional details. I swear and affirm under the penalties for perjury that I have knowledge of the confidential informant, and that I believe the information provided to me in [this] case by the confidential informant is reliable and true. Details of these findings are on a need to know basis and should not be disclosed to this offender to maintain confidentiality of confidential sources involved.

Dkt. 12, pp. 2-3 (Respondent's Return to Show Cause Order)

He did not request statements from any witnesses, but requested the recorded phone call records and information from a cell phone. The hearing officer made a note of White's statement during the hearing. "The investigator stated in the motion to show cause that someone was arrested for bringing drugs into the facility. I don't see how I was talking about drugs in the phone conversation. I never specifically said anything about drugs." Dkt. 12, p. 3.

White was found guilty of the attempted trafficking offense and sanctioned with the loss of 180 days of earned good time, among other things. His administrative appeals were unsuccessful, and he brings this habeas corpus action challenging the sufficiency of the evidence.

### III. Analysis

The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* This is a lenient standard, *see Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989), requiring no more than "a modicum of evidence." *Hill*, 472 U.S. at 455. Even "meager" proof will suffice, so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 457. *See also Lenea*, 882 F.2d at 1175 ("Although 'some evidence' is not much, . . . it still must point to the accused's guilt."). It is not the courts' province to assess the comparative weight of the evidence underlying a disciplinary board's decision. *Hill*, 472 U.S. at 455; *see also Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996), citing *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985).

White's only ground for relief attacks the sufficiency of the evidence. He asserts:

> There is no evidence to support the charge only accusation and hearsay. Phone recordings do not show . . . White telling no one to bring drug[s] in the prison. The investigators are putting there [sic] own interpretation on what . . . White is saying in the phone recordings. The claim . . . White brought drugs to be smuggled in to the prison is just accusation and not true no drugs was recovered and no one was arrested trying to bring drugs in the prison.

Dkt. 1, p. 3 (Petition for a Writ of Habeas Corpus).

There is hardly any "interpretation" of the phone recordings involved. The transcripts of the recordings, provided to the Court in an *ex parte* filing, *see* dkt. 14, do not need interpretation to conclude they present sufficient evidence to support the hearing officer's decision. *Hill*, 472 U.S. at 455. Additionally, the confidential report of the investigation into White's attempted trafficking charge also meets the sufficiency of the evidence standard. *Id.* The Court cannot discuss this evidence, as to reveal it could jeopardize prison security and institutional safety. *Mendoza v. Miller*, 779 F.2d 1287, 1295 (7th Cir. 1985) (petitioner not denied due process by district court's refusal to reveal confidential information contained in an investigative report). It has been reviewed, *in camera*, and the Court is satisfied that no violation of White's due process rights occurred.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Kevin White's petition for a writ of habeas corpus must be **denied** and the **action dismissed**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 8/11/2017

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Keith White
157565
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only